Mayor & C. Rome *vs.* Duke.

No. 21.—THE MAYOR & COUNCIL OF ROME, plaintiffs in error, *vs.* DAVID D. DUKE, defendant in error.

[1] Before a judgment of the Circuit Court will be reversed, the burden is upon the party complaining to show, affirmatively, that it was erroneous.

Mandamus. Decision by Judge TRIPPE, at Chambers, June 26, 1855.

David D. Duke applied for a *mandamus*, to compel the City Council of Rome to grant him a license to retail spirituous liquors. In his petition, he alleged that he had complied with the city ordinances, in every respect, and that they refused to grant him a license.

The City Council responded that the applicant had not complied with the ordinances; and if he had, they insisted that they had full discretion to grant or refuse a license to any one they may see proper; and that the applicant was unworthy to have such a license.

The Court granted a *mandamus* absolute, and this decision is assigned as error.

UNDERWOOD, represented by HULL, for plaintiffs in error.

WRIGHT and PRINTUP, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We are called upon to reverse a judgment made upon an Ordinance of the City of Rome, without having the ordinance before us. We cannot assume that responsibility. The council may be clothed with discretionary power to grant or withhold a license. If so, the fact should have been made to appear. Upon one point we are clear, namely: That an ordinance, like a statute, should operate uniformly. And

that the council had no right to make the applicant's case an exception. Unless the authority to discriminate is conferred by the charter, all who bring themselves within the provisions of the ordinance, are entitled to its privileges.